# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket No. 2:16-cr-037-NT |
| JUAN ANDINO-TIRADO, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION FOR
## APPOINTMENT OF COUNSEL AND MOTION FOR REVIEW

After pleading guilty to, and being sentenced for, a Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence, the Defendant Juan Andino-Tirado has submitted a letter requesting the appointment of counsel to review his case in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court invalidated as vague the residual clause found at 18 U.S.C. § 16(b), which defined a "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Court of Appeals for the First Circuit has recently held that *Dimaya* does not govern the similarly-worded residual clause in 18 U.S.C. § 924(c)(3)(B), which does not require categorical analysis and allows a case-specific assessment of the facts. *See United States v. Douglas*, 907 F.3d 1, 13-15 (1st Cir. 2018) (upholding § 924(c)(3)(B) under case-specific approach); *Brown v. United States*, 906 F.3d 159, 162-63 (1st Cir. 2018).

At the Defendant's Rule 11 hearing, the Defendant admitted breaking into the home of the victim while brandishing a knife. His two accomplices brandished firearms. The conspirators stole drugs and money from the victim before they fled. Because I am not bound by a categorical analysis, I can easily conclude that the Hobbs Act robbery, committed in the manner described in the Prosecution Version of the offense, was a crime of violence under either the force[1] or residual clause of 18 U.S.C. § 924(c)(3).

Because I find that the holding in *Dimaya* does not apply to the Defendant's case and that the appointment of counsel would have no effect on my determination, I **DENY** the motion for appointment of counsel and I **DENY** the motion for review.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 26th day of November, 2018.

---

[1] The First Circuit has also held that any possible infirmity of section 924(c)'s residual clause provides no basis for finding error because Hobbs Act robbery qualifies as a crime of violence under the force clause of section 924(c). *United States v. Garcia-Ortiz*, 904 F.3d 102 (1st Cir. 2018).